**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALFRED JOHNSON, individually and
on behalf of other members of the
general public similarly situated,
*Plaintiff-Appellant*,

v.

WINCO FOODS, LLC, a Delaware
limited liability company; WINCO
HOLDINGS, INC., an Idaho
corporation,
*Defendants-Appellees*,

and

DOES, 1 through 10, inclusive,
*Defendant.*

No. 21-55501

D.C. No.
5:17-cv-02288-
DOC-SHK

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 4, 2022
Pasadena, California

Filed June 13, 2022

Before:  Mary M. Schroeder, Sidney R. Thomas, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Schroeder

## SUMMARY[*]

### California Employment Law

The panel affirmed the district court's judgment in favor of WinCo Foods, LLC in a class action brought by Alfred Johnson on behalf of himself and other WinCo employees in California ("plaintiffs"), claiming compensation as an employee for the time and expense of taking a drug test as a successful applicant for employment.

The district court entered judgment in favor of WinCo on the ground that under California law, plaintiffs were not yet employees when they took the drug test.

Plaintiffs argued that because the tests were administered under the control of the employer, plaintiffs must be regarded as employees, as California law applies a control test to determine whether an employment relationship existed. The panel rejected this contention because control over a drug test as part of the job application process is not control over the performance of the job. In this case, the class members were not performing work for an employer when they took the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

preemployment drug test; they were instead applying for the job, and they were not yet employees.

Plaintiffs also contended under California law that class members were employees under a "contract theory," and that the drug test should be regarded as a "condition subsequent" to their hiring as employees pursuant to Cal. Civil Code § 1438, meaning that the employment contract was formed before the drug test and WinCo could terminate the employment relationship in the event of a drug test failure. The panel also rejected this contention, and held that there was no condition subsequent because plaintiffs were not hired until they established they were qualified. In this case there was no written contract, and the drug test was a condition precedent. Applying the principles of California contract law, the panel concluded that the class members did not become employees until they satisfied the condition of passing the employment drug test.

---

**COUNSEL**

Melissa Grant (argued), Ryan H. Wu, and Tyler Anderson, Capstone Law APC, Los Angeles, California, for Plaintiff-Appellant.

Kiran Aftab Seldon (argued), Kristina M. Launey, and Michael Kopp, Seyfarth Shaw LLP, Los Angeles, California, for Defendants-Appellees.

## OPINION

SCHROEDER, Circuit Judge:

### Overview

WinCo Foods requires a drug test of successful applicants for employment before they can begin the duties of the job. Plaintiff Johnson represents a class of employees seeking reimbursement for the time and travel expenses required to take the test. The district court entered judgment in favor of WinCo on the ground that under California law, plaintiffs were not yet employees when they took the drug test. Plaintiffs appeal contending that they were employees. We affirm.

The same issues have arisen in a number of similar cases removed from California state courts to federal district court. The other district courts in those cases have also ruled in favor of the employer. *See Gallegos v. Atria Mgmt. Co.*, No. EDCV 16-00888 JGB (Spx), 2018 WL 7500277 (C.D. Cal. Feb 22, 2018); *Brum v. MarketSource, Inc.*, No. 2:17-cv-241-JAM-EFB, 2017 WL 4883376 (E.D. Cal. Oct. 27, 2017); *Hakeem v. Transdev Servs., Inc.*, No. 19-cv-02161-VC, 2021 WL 1626486 (N.D. Cal. Apr. 27, 2021). There is as yet, however, no authoritative California state court decision. We therefore affirm in a published opinion.

Plaintiffs have two principal contentions. First they argue that because the tests were administered under the control of the employer, plaintiffs must be regarded as employees, as California law applies a control test to determine whether an employment relationship exists. *See Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010). Second, and alternatively, they

contend that under California law the test should be regarded as a "condition subsequent" to their hiring as employees. *See* Cal. Civ. Code § 1438.

Neither contention can succeed. The control test relates to control over the manner of performance of the work itself, not the manner of establishing qualifications to do the work. There was no condition subsequent because plaintiffs were not hired until they established they were qualified.

## Background of this Litigation

The facts are not complicated. WinCo Foods LLC and WinCo Holdings, Inc. (collectively "WinCo") operate a supermarket chain with just over 100 locations across the western United States, including California. When WinCo hires new employees, a Hiring Manager calls successful applicants to extend what WinCo terms a contingent offer of employment. The offer includes the job title, the pay, and the job location. Using the instructions in WinCo's "Verbal Contingent Job Offer Talking Points," the Manager discusses the offer with the applicant. Per those instructions, the Hiring Manager informs the applicant of a mandatory drug test: "as part of your contingent job offer with WinCo Foods, we will be conducting a pre-employment background check and drug test on you." When an applicant consents, WinCo instructs applicants to report to a testing location. WinCo pays the drug testing facility's fee, but does not compensate for the travel expenses and time required to undergo the testing.

On August 23, 2017, Plaintiff Alfred Johnson, on behalf of himself and other WinCo employees in California, filed this class action in California state court. WinCo removed the case to federal court under the Class Action Fairness Act,

28 U.S.C. § 1332(d). Johnson filed his first amended complaint, which forms the basis of this appeal, claiming compensation as an employee for the time and expenses of taking the drug test. Johnson alleges violations of the California Labor Code relating to the payment of wages and business-related expenses and the California Business & Professions Code §§ 17200, *et seq.*, proscribing unfair business practices. The district court granted Johnson's motion for class certification and both sides then moved for summary judgment. The district court held that Johnson and class members were not employees of WinCo Foods when they underwent drug testing and the court granted WinCo's motion for summary judgment.

## I.   The Control Test Does Not Apply

Johnson argues that he and his fellow class members were employees when they took the drug tests because WinCo exerted sufficient control over the drug testing process to render them employees. Johnson relies on California case law that looks to how much control the putative employer exerts over the putative employee's performance of the job to evaluate whether there was an employment relationship between the two parties. *See, e.g.*, *Martinez*, 49 Cal. 4th at 64; *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 350 (1989). The parties do not dispute that WinCo exercises control over the mandatory drug testing by prescribing the time and date of the tests, the facility where the tests take place, and the scope of those tests. The problem with Johnson's argument is that control over a drug test as part of the job application process is not control over the performance of the job.

We look to California law. For purposes of the California Labor Code, the Industrial Welfare Commission ("IWC") defines an employer as "any person . . . who . . . *employs* or exercises control over wages, hours, or working conditions of any person." *Martinez*, 49 Cal. 4th at 64 (quoting Wage Order No. 14, Cal. Code Regs. tit. 8, § 11140(2)(C), (F)). Relying on the IWC definitions, the Supreme Court of California established the control test, looking to whether a person controls the manner and means of accomplishing a desired service as the principal test of an employment relationship. *S.G. Borello & Sons, Inc.*, 48 Cal. 3d at 350.

In *Martinez*, the Supreme Court of California used this control test to decide whether the defendants in that case were joint employers and thus liable for unpaid wages and liquidated damages. 49 Cal. 4th at 48, 71. The employees were strawberry pickers hired by a farmer who was bankrupt and they attempted to secure wages from the merchants who sold the strawberries. *Id*. at 42–43, 48. The court held the merchants were not liable. *Id*. at 71–77. The plaintiffs were working for the growers and the growers, not the merchants, exercised the requisite control over working conditions. *See id*. In this case, by contrast, the class members were not performing work for an employer when they took the preemployment drug test; they were instead applying for the job. They were not yet employees.

This conclusion is further supported by California case law recognizing the ubiquity of preemployment drug tests. *See Loder v. City of Glendale*, 14 Cal. 4th 846, 886 (1997). The Supreme Court of California recognized that there is a "general societal understanding that . . . all job applicants submit to a medical examination prior to hiring" and that "[p]re-employment physical examination, including

urinalysis, is simply too familiar a feature of the job market on all levels." *Id*. (internal citations omitted). The court held that preemployment tests constituted a lesser invasion of privacy than requiring testing of those already employed. *Id*. at 886–87.

Drug testing, like an interview or preemployment physical examination, is an activity to secure a position, not a requirement for those already employed. As the district court below observed,

> There are many ways in which employers exercise some degree of control over job applicants. They may require that applicants appear at a certain time and place for an interview; that they undergo a writing or skills test; that they interview in a certain fashion—such as on a panel with other applicants; that they pass a background check; and so on. The fact that employers control the "manner" in which these activities take place does not magically convert applicants into employees.

*Johnson v. WinCo Foods, LLC*, No. ED CV 17-2288-DOC (SHKx), 2021 WL 71435 at * 4 (C.D. Cal. Jan. 5, 2021).

Johnson relies on a case involving staffing agencies, *Betancourt v. Advantage Human Resourcing, Inc*., No. 14-cv-01788-JST, 2014 WL 4365074 (N.D. Cal. Sept. 3, 2014). It does not further plaintiffs' position. In *Betancourt*, the defendant was an agency supplying temporary staff. *Id*. at *1. The defendant hired the plaintiffs as its temporary workers so that they could be considered for hire by

defendant's clients. *Id.* The plaintiffs were considered employees of the staffing agency because it controlled the time, location, and manner of the placement interviews. *Id*. at *4–*5.

The key difference is that the plaintiffs in *Betancourt* were doing the employment agency's work when they went to the job interviews, whereas Johnson and fellow class members were not doing work for WinCo when they took the drug tests. The court in *Betancourt* concluded that the plaintiff class members were required to report for job interviews as a part of their work for the agency. *Betancourt*, 2014 WL 4365074, at *7. The agency controlled the manner in which the class members did their work for the agency, and that work was applying for jobs with third parties. *Id*. at *4–*5. The employment agency was their employer. *Id*. By contrast, Johnson and the class members were not yet doing work for WinCo. The fact that WinCo controlled the manner in which they took the drug test did not make them employees before they were qualified to report for work.

## II. The Drug Test Is Not a Condition Subsequent to Employment

Johnson also argues that class members were employees under what plaintiffs term a "contract theory." That theory looks to whether the contract of employment is created before, or after, a condition is satisfied. Johnson contends that the drug test is a condition subsequent, meaning that the employment contract was formed before the drug test, and WinCo could terminate the employment relationship in the event of a drug test failure. *See* Cal. Civ. Code § 1438 ("A condition subsequent is one referring to a future event, upon the happening of which the obligation becomes no longer

binding upon the other party, if he chooses to avail himself of the condition."). WinCo counters that the drug test is a condition precedent, meaning that the applicant is not hired, and the employment contract is not enforceable, until the applicant successfully passes the drug test. *See* Cal. Civ. Code § 1436 ("A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed.").

To determine whether a condition subsequent or precedent exists, courts must look to the terms of the contract. *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1043 (9th Cir. 2020) (citing *Realmuto v. Gagnard*, 110 Cal. App. 4th 193, 199 (2003)). For example, in *Teamsters*, the Ninth Circuit held that a contract providing that the "terms of this Agreement shall only become operative if all of the conditions set forth in paragraph 15 are satisfied" made the stipulations in paragraph 15 a condition precedent to the formation of a contract under California law. *Id*. at 1044.

In this case we have no written contract, but we have a verbal offer of employment. WinCo went to great lengths when the verbal offer was made to communicate that its job offer was conditional. The WinCo Hiring Manager has been instructed in WinCo's "Verbal *Contingent* Job Offer Talking Points" to offer the applicant a contingent job offer (emphasis added). The Hiring Manager must tell the applicant that the preemployment drug test is a condition of WinCo's contingent job offer. WinCo also emails successful applicants the "instructions related to the *preemployment* drug test" (emphasis added). Class members who accepted such offers must have known that they were accepting an employment offer contingent on a successful drug test. *See Int'l Bhd. of Teamsters*, 957 F.3d at 1044. The drug test is a

condition precedent. As the district court below observed, "A ruling for Plaintiff in this case would essentially suggest to employers that there is nothing they can do to demarcate drug testing as a pre-employment condition rather than a condition subsequent." *Johnson*, 2021 WL 71435 at *4.

Johnson relies in major part on a workers' compensation case, *Bowen v. Workers' Compensation Appeals Board*, 73 Cal. App. 4th 15 (1999). At issue in *Bowen* was whether an injured baseball player had been hired in California, where he accepted an offer subject to approval by the Commissioner of Baseball, or out of state, where the Commissioner was located and where the plaintiff worked. *Id*. at 17–18. The question before the California Court of Appeal was whether Bowen could receive benefits under California workers' compensation law. *Id*. at 19.

To answer this question, the court had to decide whether the contract was made in California, where the player signed, or out of state, where the Commissioner approved. *See id*. at 26. The California court ultimately held that the Commissioner's approval was a condition subsequent to the employment contract, so the contract was formed when Bowen signed it in California, and Bowen could accordingly receive benefits pursuant to California's workers' compensation law. *Id*.

Johnson argues that this case is like *Bowen* and the employment contract was made when the class members accepted a comprehensive offer of employment over the phone. According to Johnson, we should hold that the WinCo employment contract was subject to a condition subsequent, just as the court in *Bowen* held that the Commissioner's approval was a condition subsequent.

The court in *Bowen*, however, went to great lengths to explain that it was deciding a workers' compensation case and its decision was guided by the policy of liberally construing contracts in favor of employees in accordance with California workers' compensation law. It was not applying common law contract principles. The Workers' Compensation Appeals Board ("WCAB") had applied common law contract principles to deny benefits, concluding that Bowen's employment relationship was not formed until the Commissioner signed the contract out of state. *Id*. at 20–21. The California court reversed, admonishing the WCAB for applying the common law of contract instead of applying the liberal policies of California workers' compensation law. *Id*. at 19, 21. "[T]he matter before us is not merely a suit on a contract. Rather, it is a workers' compensation case which evokes the *public policy of the State of California* reflected in section 3202 directing the courts to construe liberally sections 3600.5 and 5305." *Id*. at 21. The *Bowen* court relied on numerous workers' compensation cases to support its holding, distinguishing them from common law contract cases because of the public policy underlying workers' compensation. *See id*. at 19–26.

The *Bowen* opinion suggests that if the court had applied California contract law, rather than workers' compensation principles, there would not have been a contract until all of the conditions were satisfied. *See id*. at 21. This is not a workers' compensation case and therefore, applying the principles of California contract law articulated in *Bowen*, the class members did not become employees until they satisfied the condition of passing the preemployment drug test.

The California law is clear. There is no need to delay resolution of this case and others that may be pending in the

federal district courts by certifying any questions to the California Supreme Court.

## Conclusion

The judgment of the United States District Court for the Central District of California, holding in relevant part that the class members were not employees at the time of the drug test and did not need to be compensated, is **AFFIRMED**.