NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROGELIO CASTRO, individually, and on behalf of members of the general public similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PPG INDUSTRIES, INC., a Pennsylvania corporation; et al., <br><br> Defendants-Appellees. | No. 21-55340 <br><br> D.C. No. 2:20-cv-02110-PA-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 11, 2022
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Rogelio Castro appeals the district court's summary judgment in favor of his former employers, PPG Industries, Inc.; Sierracin Corporation; and Sierracin/Sylmar Corporation. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, dismiss in part, and reverse in part.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.    Jurisdiction.  We have jurisdiction to review Castro's appeal under 28 U.S.C. § 1291.  An order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all claims.  *Cheng v. Comm'r,* 878 F.2d 306, 309 (9th Cir.1989).  But when the party suffering a partial dismissal "subsequently dismisses [its] remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291."  *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 885 (9th Cir. 2003) (quoting *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1070 (9th Cir.2002).

Here, the record contains no evidence that Castro attempted to manipulate our jurisdiction by dismissing certain claims without prejudice.  *See id.*  Moreover, Sylmar fails to allege Castro has acted with such an intent.  We thus reject Sylmar's claim that "Castro must dismiss his remaining individual claims *with* prejudice before appellate jurisdiction exists."

2.    Wage statement claim.  We dismiss Castro's class and Private Attorney Generals Act (PAGA) wage-statement claims because he lacks Article III standing.  Castro claims Sylmar violated Section 226(a)(8) of the California Labor Code by issuing wage statements that listed the physical address of Sylmar's corporate parent, PPG Industries, Inc., rather than its own address.  We hold, however, that Castro

2

lacks Article III standing to pursue this claim because he fails to allege any injury in fact because of this alleged violation. *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006) (noting Article III standing is "claim- and relief-specific, such that a plaintiff must establish Article III standing for each of her claims and for each form of relief sought"). After all, Castro is aware of Sylmar's address—because he physically works there—even if his wage statement failed to list that address.

Castro insists that Sylmar still violated state law by failing to put its address on the wage statement. But the U.S. Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021) (quotation marks and citation omitted). Rather, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). In *TransUnion*, the Supreme Court held that to determine whether the concrete-harm requirement has been met, plaintiffs must identify a "close historical or common law analogue for their asserted [statute-based] injury." 141 S. Ct. at 2204. Here, Castro has failed to identify any common law analogue for Section 226(a)(8)'s wage statement law.

3. <u>Rest break claim.</u> We reverse the district court's summary judgment on Castro's class and PAGA rest-break claims. Castro's allegations, Sylmar's rest-

3

break policy, and the Interoffice Correspondence (which stated employees "*must be available for productive work*") raise sufficient issues of fact about how much control Sylmar maintained over its employees during their rest break. *See Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257 (2016) (noting employers are required to provide statutorily mandated rest-breaks, defined as an "interval of time free from labor, work, or any other employment-related duties" during which time employees are "freed from employer control over how they spend their time"); *Mendiola v. CPS Sec. Sols., Inc.*, 60 Cal. 4th 833, 839 (2015) (noting that "an employee who is subject to an employer's control does not have to be working during that time").

4. <u>Meal break claim.</u> We dismiss Castro's PAGA meal-break claim because Castro lacks Article III standing. Although the operative complaint frames Castro's meal-break claim as based on Sylmar's failure to provide meal breaks, the parties' papers on motion for summary judgment, the district court's summary judgment order, and the parties' briefs on appeal, all frame Castro's meal-break claim as a challenge to Sylmar's use of prospective meal-break waivers. Given that appellants are obligated to raise any issue on which they seek review "specifically and distinctly" in their opening brief, *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005), we conclude that on appeal Castro's meal-break claim is limited to his invalid-waiver theory. But Castro lacks standing to bring this claim because he never signed such a waiver. *See Magadia v. Walmart*, 999 F.3d 668, 678 (May 28,

4

2021) (clarifying that even if an employee can establish PAGA standing, that does not by itself confer Article III standing).

5. <u>Drug testing claim.</u>  We affirm the district court's summary judgment in favor of Sylmar on Castro's PAGA drug-testing claim. Castro argues Sylmar violated California law by failing to pay hourly wages and mileage reimbursements to applicants who took mandatory drug testing as part of Sylmar's onboarding process.  Based on our review of the record, we find that Castro's arguments are foreclosed by this court's recent decision in *Johnson v. WinCo Foods, LLC*, 37 F.4th 604 (9th Cir. 2022).  As in *Johnson*, Sylmar's control over certain aspects of the drug-testing process did not convert its applicants into employees.  *Id.*  at 606-08. Additionally, the tests did not constitute a "condition subsequent" to employment but, instead, were a "condition precedent."  *Id.* at 608-10.

**AFFIRMED IN PART, DISMISSED IN PART**, and **REVERSED IN PART.**[1]

---

[1] The appellant's motion [Dkt. 12] for judicial notice of the California Division of Labor Standards and Enforcement opinion letter is **GRANTED**.